Arthur H. Piervincenti, P.A.
631-300 Brawley School Rd. PMB #225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: BRL21299

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION**

| | |
|---|---|
| Arnetta Sturdivant, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | Case No: 21-645<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Arnetta Sturdivant, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Portfolio Recovery Associates, LLC as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Portfolio Recovery Associates, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of North Carolina.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**PARTIES**

6. Plaintiff Arnetta Sturdivant ("Plaintiff") is a natural person who is a citizen of the State of North Carolina residing in Hoke County, North Carolina.

7. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

8. Defendant Portfolio Recovery Associates, LLC ("Defendant") is a company existing under the laws of the State of Texas, with its principal place of business in North Richland Hills, Texas.

9. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

10. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendant's business is the collection of such debts.

13. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

14. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

16. Defendant alleges Plaintiff owes $4,449.74 to Portfolio Recovery Associates, LLC ("the alleged Debt").

17. Plaintiff did not owe $4,449.74 ("the Claimed Amount") to Portfolio Recovery Associates, LLC ("Portfolio").

18. Plaintiff did not owe money to Portfolio.

19. Plaintiff was never indebted to Portfolio.

20. Plaintiff did not owe the alleged Debt to Portfolio.

21. Portfolio never offered to extend credit to Plaintiff.

22. Portfolio never extended credit to Plaintiff.

23. Plaintiff was never involved in any transaction with Portfolio.

24. Plaintiff never entered into any contract with Portfolio.

25. Plaintiff never did any business with Portfolio.

26. Plaintiff was never advised by anyone that the alleged Debt was sold to Portfolio.

27. Plaintiff was never advised by anyone that the alleged Debt was assigned to Portfolio.

28. Plaintiff was never advised by anyone that the alleged Debt was transferred to Portfolio.

29. Plaintiff was never advised by anyone that the alleged Debt was acquired by Portfolio.

30. Plaintiff was never advised by Portfolio that the alleged Debt was sold to it.

31. Plaintiff was never advised by Portfolio that the alleged Debt was assigned to it.

32. Plaintiff was never advised by Portfolio that the alleged Debt was transferred to it.

33. Plaintiff was never advised by Portfolio that the alleged Debt was acquired by it.

34. Portfolio is a stranger to Plaintiff.

35. Upon information and belief, Portfolio does not possess competent proof that any entity assigned to it all of that entity's interest in the alleged Debt.

36. Upon information and belief, Portfolio does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged Debt.

37. Upon information and belief, Portfolio does not possess competent business records concerning the alleged Debt from any entity that owned the alleged Debt.

38. Upon information and belief, Portfolio does not possess personal knowledge of the facts set forth in any business records concerning the alleged Debt received from any entity that owned the alleged Debt.

39. Upon information and belief, Portfolio does not possess any credit agreement between Plaintiff and any entity that owned the alleged Debt.

40. Upon information and belief, Portfolio does not possess any competent proof that Plaintiff agreed to pay the alleged Debt.

41. Upon information and belief, Portfolio does not possess any competent proof that Plaintiff is obligated to pay the alleged Debt.

42. Upon information and belief, Portfolio does not possess any competent proof that Plaintiff owed the Claimed Amount at the time Portfolio ostensibly acquired the alleged Debt.

43. Upon information and belief, Portfolio does not possess any competent proof that

4

the Claimed Amount was accurate at the time Portfolio ostensibly acquired the alleged Debt.

44. Upon information and belief, Portfolio holds no legal right, title or interest in any debt Plaintiff allegedly owed.

45. The alleged Debt does not arise from any business enterprise of Plaintiff.

46. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

47. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

48. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

49. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

50. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

51. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

52. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

53. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

54. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

55. That correspondence, dated February 9, 2021, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

56. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

57. 15 U.S.C. §1692e protects Plaintiff's concrete interests and rights.

58. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

59. Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

60. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

61. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

62. As set forth herein, Defendant deprived Plaintiff of these rights.

63. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

64. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant initiated the communications, and but for Defendant's conduct, Plaintiff would not have been deprived of his rights.

65. Plaintiff has been misled by Defendant's conduct.

66. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

67. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

68. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

69. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

70. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

71. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

72. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

73. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

74. A favorable decision herein would redress Plaintiff's injury with money damages.

75. A favorable decision herein would serve to deter Defendant from further similar conduct.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

76. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

77. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

78. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

79. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

80. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

81. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

82. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

83. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

84. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

85. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from Defendant's unauthorized disclosure of such private and sensitive information.

86. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

87. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

88. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

89. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

90. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

91. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

92. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

93. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

94. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

95. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

96. A violation of Section 1692c(b) is an invasion of privacy.

97. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

98. An invasion of privacy is an injury-in-fact that provides Article III standing

99. As described herein, Defendant violated Section 1692c(b).

100. As described herein, Defendant invaded Plaintiff's privacy.

101. As such, Plaintiff has standing to seek redress in this Court.

102. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

103. A violation of Section 1692c(b) is a public disclosure of private facts.

104. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

105. A public disclosure of private facts is an injury-in-fact that provides Article III standing

106. As described herein, Defendant violated Section 1692c(b).

107. As described herein, Defendant publicly disclosed Plaintiff's private facts.

108. As such, Plaintiff has standing to seek redress in this Court.

109. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

110. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

111. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

112. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

113. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

114. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

115. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

116. As set forth in paragraphs 16 through 44 of this Complaint, Plaintiff did not owe the Claimed Amount.

117. As set forth in paragraphs 16 through 44 of this Complaint, Plaintiff did not owe money to Portfolio.

118. As such, Defendant's allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

119. Defendant's allegation that Plaintiff owed money to Portfolio is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

120. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

121. Defendant's allegation that Plaintiff owed money to Portfolio is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

122. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

123. Defendant's allegation that Plaintiff owed money to Portfolio is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

124. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

125. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in Hoke County, North Carolina.

126. Plaintiff seeks to certify a class of:

> All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

127. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

128. The Class consists of more than thirty-five persons.

129. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

130. The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

131. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

132. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    h.  Such other and further relief that the Court determines is just and proper.

DATED: August 17, 2021

                                Arthur H. Piervincenti, P.A.

                                By: s/ *Arthur Piervincenti*
                                631-300 Brawley School Rd. PMB #225
                                Mooresville, NC 28117
                                Email: arthur@lawahp.com
                                *Attorneys for Plaintiff*
                                Our File No.: 21298

                                      -and-

                                BARSHAY, RIZZO & LOPEZ, PLLC

                                By: s/ *David M. Barshay*
                                David M. Barshay, Esquire
                                (Pro hac vice to be submitted)
                                445 Broadhollow Road | Suite CL18
                                Melville, New York 11747
                                Tel: (631) 210-7272
                                Fax: (516) 706-5055
                                Our File No.: BRL21299
                                *Attorneys for Plaintiff*